©COPY

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   STEPHEN H. TURNER, SB# 89627
2     E-Mail: turner@lbbslaw.com
   PATRIK JOHANSSON, SB# 231769
3     E-Mail: johansson@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant Fair Collections
   & Outsourcing, Inc.

7

8               UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                         CV12-04659 PA(SHx)

11 PAUL GRANDE; AND, ZUZANNA          CASE NO.
   GRANDE,
12                                    **NOTICE OF REMOVAL**
               Plaintiffs,
13                                    Trial Date:    None Set
            v.
14
   FAIR COLLECTIONS &
15 OUTSOURCING, INC.; AND, DOES
   1-20, INCLUSIVE,
16
               Defendants.
17

18

19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendant FAIR COLLECTIONS &

22 OUTSOURCING, INC. ("FCO") hereby removes to this Court the state court action

23 described below:

24      1.    On April 23, 2012, an action was commenced in the Superior Court of

25 California, County of Los Angeles, entitled *Paul Grande, et al. v. Fair Collections*

26 *& Outsourcing, Inc.*, County of Los Angels small claims Case No. 12C01529 (the

27 "Action"). A true and correct copy of Plaintiffs' Complaint in the Action is attached

28 hereto as Exhibit "A."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8078-3119.1

2.   The Action was filed on April 23, 2012 and FCO was served with said Complaint on April 5, 2012. A true and correct copy of the mail service is attached hereto as Exhibit "B." Since this Notice of Removal is filed within 30 days of the action commencing, the removal is timely under 28 U.S.C. § 1446(b).

3.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by FCO pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. § 1692, et seq.

4.   There are no other defendants named in the Complaint.

DATED: May 29, 2012
STEPHEN H. TURNER
PATRIK JOHANSSON
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Stephen H. Turner
Attorneys for Defendant Fair Collections &
Outsourcing, Inc.

4839-8078-3119.1

2

NOTICE OF REMOVAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT "A"

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
S. Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*
Paul Grande; and, Zuzanna Grande

CASE MANAGEMENT REVIEW

SEP 20 2012

IN DEPARTMENT H

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES – LONG BEACH COURTHOUSE – LIMITED

| | |
|---|---|
| PAUL GRANDE; AND, ZUZANNA GRANDE, | Case No.: 12103529 |
| Plaintiffs, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE: |
| v. | I. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32; AND, |
| FAIR COLLECTIONS & OUTSOURCING, INC.; AND, DOES 1-20, INCLUSIVE, | II. THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P) |
| Defendants. | JURY TRIAL DEMANDED |
| | LIMITED – UNDER $10,000.00 |

///

///

**INTRODUCTION**

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. PAUL GRANDE (individually as "Mr. Grande" or collectively as "Plaintiffs"); and, ZUZANNA GRANDE (individually as "Mrs. Grande" or collectively as "Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of the FAIR COLLECTIONS & OUTSOURCING, INC. ("Defendant"), and DOES 1-20, with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is proper because the events leading to Plaintiffs' causes of action occurred in the County of Los Angeles and in the State of California.

5. This action arises out of Defendant's violations of the following: (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

6. Because Defendants do business within the State of California, personal jurisdiction is established.

7. Plaintiffs make these allegations on information and belief, with the exception of those

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on

2   personal knowledge.

3   8.  While many violations are described below with specificity, this Complaint alleges

4       violations of the statutes cited in their entirety.

5   9.  Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing

6       and intentional, and that Defendants did not maintain procedures reasonably adapted to

7       avoid any such violation.

8   10. Venue is proper.

9                                   **PARTIES**

10  11. Plaintiffs are natural people who reside in the City of Long Beach, County of Los Angeles,

11      State of California, from whom a debt collector sought to collect a consumer debt which

12      was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that

13      term is defined by California Civil Code § 1788.2(h).  In addition, Plaintiffs are

14      "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

15  12. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company

16      operating from the State of Maryland.

17  13. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary

18      course of business, regularly, on behalf of themselves or others, engage in debt collection

19      as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt

20      collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. §

21      1692a(6).

22  14. This case involves money, property or their equivalent, due or owing or alleged to be due

23      or owing from a natural person by reason of a consumer credit transaction. As such, this

24      action arises out of a "consumer debt" and "consumer credit" as those terms are defined by

25      Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

26  15. The true names and capacities, whether individual, corporate (including officers and

27      directors thereof), associate or otherwise of Defendant sued herein as DOES 1 through 20,

28      inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1    names, pursuant to the California Civil Procedure Code § 474. Plaintiffs is informed and

2    believes, and thereon alleges that each Defendant designated as a DOE is involved in or is

3    in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint

4    venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions,

5    events and/or acts hereinafter described, and thereby proximately caused injuries and

6    damages to Plaintiffs. Plaintiffs request that when the true names and capacities of these

7    DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and

8    that this action may proceed against them under their true names.

9    16.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned,

10         Defendants DOES 1 through 20, were agents or employees of each of their co-defendants

11         and, in doing the things hereafter mentioned, each was acting in the scope of his authority

12         as such agent or employee and with the permission and consent of their co-defendants, and

13         each of them.

14                                  **FACTUAL ALLEGATIONS**

15   17.   At all times relevant, Plaintiffs are individuals residing within the State of California.

16   18.   Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant

17         conducted business in the State of California.

18   19.   In May 2010, Plaintiffs allegedly incurred financial obligations to the original creditor,

19         BRE PROPERTIES, INC., that were money, property, or their equivalent, which is due or

20         owing, or alleged to be due or owing, from a natural person to another person and were

21         therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a

22         "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23   20.   Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the

24         alleged debt. Plaintiffs currently take no position as to whether or not this alleged debt was

25         actually owed.

26   21.   Subsequently, but before October 24, 2011, the alleged debt was assigned, placed, or

27         otherwise transferred, to Defendant for collection.

28   22.   As a result, Plaintiffs have received numerous telephone calls and letters from Defendant

1   regarding the alleged debt.  These telephone calls and letters constitute "communications"

2   as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined

3   by Cal. Civ. Code § 1788.2(b).

4   23.  Defendant claims that Plaintiffs' debt arose as a result of Plaintiffs remaining in Plaintiffs'

5   unit past the terms of Plaintiffs' lease for a period of three months.  However, Plaintiffs

6   fully complied with the terms of Plaintiffs' lease with BRE Properties, Inc. by providing

7   more than the required thirty-day notice prior to vacating the premises.   Thereafter,

8   Plaintiffs' vacated Plaintiffs' unit upon the termination of Plaintiffs' lease.

9   24.  Thus, Defendant falsely represented the character of Plaintiffs' account as delinquent in

10   violation of 15 U.S.C. § 1692e(2)(A).  In addition, 15 U.S.C. § 1692e(2)(A) is incorporated

11   into the RFDCPA by Cal. Civ. Code § 1788.17.  Through this conduct, Defendant also

12   violated Cal. Civ. Code § 1788.17.

13   25.  Moreover, in attempting to collect an invalid debt from Plaintiffs, Defendant took action

14   against Plaintiffs with regard to the alleged debt that could not legally be taken.  Such

15   conduct constitutes a violation of 15 U.S.C. § 1692e(5) which is incorporated into the

16   RFDCPA by Cal. Civ. Code § 1788.17.  Through this conduct, Defendants also violated

17   Cal. Civ. Code § 1788.17.

18   26.  Furthermore, Defendant's conduct in attempting to collect an invalid debt from Plaintiffs

19   constitutes a false representation and deceptive means to attempt to collect an alleged debt

20   from Plaintiffs.  Such conduct constitutes a violation of 15 U.S.C. § 1692e(10) which is

21   incorporated into the RFDCPA by Cal. Civ. Code § 1788.17.  Through this conduct,

22   Defendant also violated Cal. Civ. Code § 1788.17.

23   27.  In addition, Defendant's attempt to collect an amount from Plaintiffs that Defendant was

24   not authorized by the agreement creating the alleged debt, or otherwise permitted by law,

25   constitutes a violation of 15 U.S.C. § 1692f(1) which is incorporated into the RFDCPA by

26   Cal. Civ. Code § 1788.17.  Through this conduct, Defendant also violated Cal. Civ. Code §

27   1788.17.

28   28.  Through this conduct, Defendants took actions against Plaintiff concerning the alleged debt

KADEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   in violation of the statute discussed above. Consequently, Defendant violated Cal. Civ.

2   Code § 1788.17. In addition, Defendant violated 15 U.S.C. §§ 1692e(2)(A); 1692e(5);

3   1692e(10); and, 1692f(1).

4                   CAUSES OF ACTION CLAIMED BY PLAINTIFFS

5                                   COUNT I

6        VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

7                       Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

8                           [Against All Defendants]

9   29.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though

10       fully stated herein.

11  30.  The foregoing acts and omissions constitute numerous and multiple violations of the

12       RFDCPA.

13  31.  As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual

14       damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or

15       willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

16       and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each

17       Defendant individually.

18                                   COUNT II

19           VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20                       15 U.S.C. §§ 1692-1692(p) (FDCPA)

21                           [Against All Defendants]

22  32.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

23       fully stated herein.

24  33.  The foregoing acts and omissions constitute numerous and multiple violations of the

25       FDCPA.

26  34.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

27       damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful

28       violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each

2   Defendant individually.

3   ### PRAYER FOR RELIEF

4   **WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

5   - an award of actual damages, in an amount to be determined at trial, pursuant to Cal.

6   Civ. Code § 1788.30(a), against each named Defendant individually;

7   - an award of actual damages, in an amount to be determined at trial, pursuant to 15

8   U.S.C. § 1692k(a)(1), against each named Defendant individually;

9   - an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §

10   1788.30(b), against each named Defendant individually;

11   - an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

12   1692k(a)(2)(A), against each named Defendant individually;

13   - an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ.

14   Code § 1788.30(c), against each named Defendant individually.

15   - an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C.

16   § 1692k(a)(3), against each named Defendant individually; and,

17   - any and all other relief that this Court deems just and proper.

18

19   Dated: March 30, 2012                  Respectfully submitted,

20

21                                          **KAZEROUNI LAW GROUP, APC**

22

23                                          By: _____

24                                              Matthew M. Loker, Esq.
                                                Attorney for Plaintiffs

25   ///

26   ///

27   ///

28   ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1

TRIAL BY JURY

2   35.   Pursuant to the seventh amendment to the Constitution of the United States of America,

3       Plaintiffs are entitled to, and demand, a trial by jury.

4

5   Dated: March 3𝒪, 2012                    Respectfully submitted,

6                                   KAZEROUNI LAW GROUP, APC

7

8                          By:

9                               Matthew M. Loker, Esq.
                                    Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew M. Loker, Esq. (SBN 279939)<br>KAZEROUNI LAW GROUP, APC<br>2700 North Main Street, Suite 1000<br>Santa Ana, CA 92705<br>TELEPHONE NO.: 800-400-6808   FAX NO.: 800-520-5523<br>ATTORNEY FOR *(Name):* Plaintiffs, Paul Grande; and, Zuzanna Grande | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 415 West Ocean Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Long Beach Courthouse

CASE NAME:
Paul and Zuzanna Grande v. Fair Collections & Outsourcing Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2 - RFDCPA & FDCPA
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/30/12

Matthew M. Loker, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
 *case involves an uninsured*
 *motorist claim subject to*
 *arbitration, check this item*
 *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or*
 *toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil*
 *harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer*
  *or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally*
 *complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent*
  *domain, landlord/tenant, or*
  *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
 *drugs, check this item; otherwise,*
 *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex*
 *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-*
  *domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
 *above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-*
  *harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified*
 *above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Paul and Zuzanna Grande v. Fair Collections & Outsourcing, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL 4 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Paul and Zuzanna Grande v. Fair Collections & Outsourcing, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2 (3.) |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Paul and Zuzanna Grande v. Fair Collections & Outsourcing, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Paul and Zuzanna Grande v. Fair Collections & Outsourcing, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1232 East 56th Street |
|---|---|
| CITY: Long Beach | STATE: CA | ZIP CODE: 90805 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Long Beach__ courthouse in the __South__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 3/30/12

(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**

Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**

In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Case Number

Your case is assigned for all purposes to the ju___al officer indicated below.

| | ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|---|
| ✓ | DiLoreto | H | 53 |
| | | | |
| | | | |
| | | | |
| | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___APR 2 3 2012___    JOHN A. CLARKE, Executive Officer/Clerk

By ___**PIROZZI**___ , Deputy Clerk

## Instructions For Handling Limited Civil Cases

The following critical provisions, as applicable in the ___SOUTH___ District are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in 7.2(c) thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 7.5 control the tim Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS:** The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3. Failure to meet time standards may result in the imposition of sanctions. (Local Rule 7.13).

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subj processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is (Code Civ. Proc., § 428.50).

**CASE MANAGEMENT REVIEW:** A Case Management Review will be scheduled by the Court for no later than 180 days after the filing complaint. (Local Rule 7.9(a)(2)).

Pursuant to California Rules of Court, rules 3.720-3.730, no later than 15 calendar days before the date set for Case Management Review/Confer each party (individually or jointly) must file and serve a Case Management Statement using the mandatory Judicial Council form No. CM-110.

**DEFAULTS (Local Rule 9.10):** If a responsive pleading is not served within the time to respond and no extension of time has been granted, the pla must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defa defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be sepa reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservation. All mo should be filed in ___ROOM 207___

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom. Ex parte appearance applications for direct set courtrooms be filed by ___08:30 A.M.___ in Room ___207___, on the day of the hearing. Ex parte appearance matters s Dept ___Monday, Wednesday + Friday___ must be noticed for Dept ___, but filed at Counter ___2 & 3___ , Room ___207___, no later than ___08:30 A.M.___ m. on the day of the hearing.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

LACIV 001 (Rev. 07/07)                    **NOTICE OF**
LASC Approved 09-04          **CASE ASSIGNMENT – LIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 23 2012

John A. Clarke, Executive Officer/Clerk

By _____

COURTHOUSE ADDRESS:
415 W. Ocean Bl.   Long Beach, CA

PLAINTIFF:

DEFENDANT:

CASE NUMBER:   D. PIROZZI, DEPUTY

NC051529

## NOTICE OF CASE MANAGEMENT REVIEW

### (LIMITED CIVIL)

TO PLAINTIFF(S) AND THEIR ATTORNEY(S) OF RECORD:

You are ordered to serve this Notice of Case Management Review (Limited Civil) on all parties/attorneys of record forthwith.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

You are ordered to appear at the Case Management Review (Limited Civil) hearing as follows:

Date: 9-20-12   Dept: H   Room #:

☐ Master Calendar Court

You do not have to appear, if fifteen days prior to the hearing: 1) Plaintiffs have filed proofs of service of all defendants or obtained default judgment(s) as to all non-responding defendants and filed a Case Management Statement (Judicial Council form CM-110); and 2) Defendants have filed responsive pleadings and a Case Management Statement (Judicial Council form CM-110). You also do not have to appear, if notices of settlement and/or requests for dismissal as to all parties have been filed.

Failure to comply with any order herein may result in the court setting a hearing on an Order to Show Cause re: why sanctions, including, but not limited to, dismissal without prejudice, and/or striking answer, should not be imposed pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

### CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify under penalty of perjury under the laws of the State of California that I am not a party to the above-entitled matter, and that on this date I served this Notice of Case Management Review (Limited Civil) in the within action upon all parties by depositing a copy in the United States mail at the courthouse located in LONG BEACH, California, in a separate sealed envelope to each, addressed as shown below with the postage thereon, fully prepaid.

Dated: APR 23 2012

JOHN A. CLARKE, Executive Officer/Clerk

**D. PIROZZI**

by _____

Deputy Clerk

LACIV 133 (Rev. 10/09)
LASC Approved 10-03

NOTICE OF CASE MANAGEMENT REVIEW

(LIMITED CIVIL)

Cal. Rules of Court, rules 3.110, 3.720-3.730
LASC Local Rules, Chapter Seven

# NOTICE OF CASE ASSIGNMENT

## CASE NUMBER

PLAINTIFF: You are hereby ordered to appear on  7 - 9 - 12   at 8:30 a.m. in Department  H  for an Order to Show Cause re: Sanctions/Dismissal for failure to serve defendant(s) within 60 days as required by California Rule of Court 201.7. If you file the proof of service timely as to all named defendants, the OSC will be vacated. For Long Beach cases you my call the clerk's office at (562) 491 -6234 or (562) 491-6235 and for San Pedro cases you may call (310) 519-6015 two days prior to hearing to verify that the hearing was vacated.

You are hereby notified that this case has been assigned to an Individual Calendar Court and is subject to Delay Reduction Rules as set forth in Chapter 7 of the Los Angeles Superior Court Local Rules.

Based upon your assigned case number, your case is assigned to:

(X)

        Department    ,

This case is assigned for all purposes to the Judge reflected above. All parties are expected to comply with the following

### DELAY REDUCTION RULES

The Court's Delay Reduction Rules (LASC Local Rule 7 and California Rules of Court) will be strictly enforced and counsel will be expected to be familiar with them.

### DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINT)

It shall be the duty of each plaintiff (cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint)

### CHALLENGE TO AN ASSIGNED JUDGE:

A Challenge under Code of Civil Procedure 170.6 shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of all purpose assignment, or if the party has not yet appeared in the action, within 10 days after appearance.

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Assignment upon the filing party.

        (X)    by personally giving the party notice upon filing of the complaint

Date:    APR 2 3 2012                                     John A. Clarke, Executive Office/Clerk
                                                          by    B. PIROZZI    , Deputy Clerk

## NOTICE OF CASE MANAGEMENT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FAIR COLLECTIONS & OUTSOURCING, INC.; AND DOES 1-20,
INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL GRANDE; AND, ZUZANNA GRANDE,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California <br><br> County of Los Angeles - Long Beach Courthouse <br> 415 West Ocean Blvd., Long Beach, CA 90802 | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> 12C01829 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew M. Loker, Esq. (SBN 279939), 2700 N. Main St., Ste. 1000, Santa Ana, CA 92705, 800-400-6808

| DATE: <br> *(Fecha)* | JOHN A. CLARKE  APR 2 8 2011 | Clerk, by <br> *(Secretario)* | D. PIROZZI | Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FAIR COLLECTIONS & OUTSOURCING, INC

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):* UNDER CCP 415.4 ⇒
4. ☒ ~~by personal delivery~~ on *(date):*

Page 1 of 1

# EXHIBIT "B"

# KODA'S SERVICES

*Professional Attorney Services*

22421 Barton Road #409, Grand Terrace, CA 92313
Phone (951) 241-6260 Fax (909) 498-0477
Paul@KodaService.com

May 2, 2012

**SERVICE OF SUMMONS
UNDER CCP 415.40
RETURN RECEIPT
#7009 2250 0001 5933 9829**

Michael E Sobota, Registered Agent
**FAIR COLLECTIONS & OUTSOURCING, INC.**
10016 Carmelita Drive
Potomac, MD 20854

Re:        *PAUL GRANDE, ET AL V. FAIR COLLECTIONS & OUTSOURCING*
           *Case No.:       12C01529*

Dear Mr. Sobota:

The entity you represent is being served a summons and complaint via certified mail pursuant to
California Code of Civil Procedure § 415.40, which permits such service for out of state defendants.
This code section reads in pertinent part:

> **415.40.** A summons may be served on a person outside this state in any manner
> provided by this article or by sending a copy of the summons and of the complaint to the
> person to be served by first-class mail, postage prepaid, requiring a return receipt.
> Service of a summons by this form of mail is deemed complete on the 10th day after
> such mailing.

Should you have any questions at all, please do not hesitate to contact the undersigned at (951) 241-
6260.

Very best regards,

Paul Mason
**KODA'S SERVICES**
PM/mm

# FEDERAL COURT PROOF OF SERVICE

Henderson v. Fair Collections, etc. - File No. 6234.9054

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 29, 2012, I served the following document(s): **NOTICE OF REMOVAL**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Abbas Kazerounian, Esq.
S. Mohammad Kazerouni, Esq.
Assal Assassi, Esq.
Matthew M. Loker, Esq.
2700 North Main Street
Suite 1000
Santa Ana, CA 92705
Tel: (800) 400-6808
Fax: (800) 520-5523
Emails: ak@kazlg.com
mike@kazlg.com
assal@kazlg.com
ml@kazlg.com

Robert L. Hyde, Esq.
Joshua B. Swigart, Esq.
Hyde & Swigart, Esq.
411 Camino Del Rio South
Suite 301
San Diego, California 92108
Tel: (619) 233-7770
Fax: (619) 297-1022
Emails:
bob@westcoastlitigation.com
josh@westcoastlitigation.com

The documents were served by the following means:

☒    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 29, 2012, at Los Angeles, California.

_____
ROSA E. ROJAS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Bill of Lading

**User Name:** *Rosa Rojas*
**Company:** *LBBS*

---

**LBBS**          **213-250-1800**

**Control Number: 208837**     **eTrac Number: 99660541**



052-00208837-001

| Submitter Information | Shipping Information |
|---|---|
| **Account:** 1<br>**Name:** LBBS-LA<br>**Requested By:** ROSA ROJAS<br>**Client Matter:** F023<br>**Case No.:**<br>**Entered:** 29-MAY-2012 11:16<br>**Last Updated:** 29-MAY-2012 14:16 (EST) | **Service Type:** RUSH<br>**Return Service:** REGULAR<br>**Pieces:** 1<br>**Weight:** 1.0 Lbs.<br>**Charges:** 0.00<br>**Quote:** 0.00 |
| **Pick Up From** | **Deliver To** |
| LEWIS BRISBOIS BISGAARD & SMITH<br>ROSA ROJAS<br>221 N FIGUEROA<br>11TH FLOOR<br>LOS ANGELES, CA 90012<br>USA | U S DISTRICT COURT WESTERN DIVISION<br>CLERK<br>312 N. SPRING STREET<br>FILING WINDOW<br>LOS ANGELES, CA |
| **Pickup Details** | **Delivery Details** |
| **Requested Date:** 29-MAY-2012<br>**Ready Time:** 11:20<br><br>**Pickup Instructions:**<br>I WILL DELIVER DOCUMENT TO YOU<br>**Case Name:**<br>GRANDE V. FAIR COLLECTIONS<br>**Documents:**<br>REMOVAL DOCUMENTS<br><br>**Actual Date:**<br>**Arrival Time:**<br>**Departure Time:** | **Requested Date:** 29-MAY-2012<br>**Deliver By:** 14:20<br><br>**Delivery Instructions:**<br>PLEASE FILE AND CONFORM, ADVANCE FILING FEE<br><br>**Actual Date:**<br>**Arrival Time:**<br>**Departure Time:** |
| **Driver:**<br><br>**Date:**<br><br>**Time:** | **Received by:**<br>X<br><br>**Print Name:** |

eTrac Order Entry
© 2009 eTrac  All rights reserved.

http://apps.etrac.net/retailoe/Tracking/OrderDetails.asp?SYSTEM_ID=9920&OPOR_CO...     5/29/2012