UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Summary Judgment (Docket No. 15) filed by defendant Fair Collections & Outsourcing, Inc. ("Defendant") and a Motion for Summary Judgment filed by plaintiffs Paul Grande and Zuzanna Grande ("Plaintiffs"). Both parties have filed Oppositions. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 14, 2013, is vacated, and the matter taken off calendar.

I.   Factual & Procedural Background

On October 18, 2011, BRE Properties, Inc. ("Bre") retained Defendant to collect $5,069.86 for unpaid rent and other charges in connection with Plaintiffs moving out of their apartment. ("the debt"). Bre provided a statement confirming the amount of the debt and a copy of the lease. The statement describes the charges, the date the lease expired (May 11, 2011), and the date the Plaintiffs moved out (June 29, 2011). Based on the information provided by Bre, Defendant attempted to collect the debt from Plaintiffs.

On October 26, 2011, Zuzanna Grande disputed the debt and requested a copy of the charges. The next day, Defendant provided a written description of the charges. On October 28, 2011, Paul Grande notified Defendant that they had moved out on May 10, 2011 and provided the required 30 days notice to terminate the tenancy.[1/] On November 7, 2011, Defendant received a copy of the notice and a request to verify the amount of the debt. Plaintiffs also requested that Defendant have no further communications with them. On November 7, 2011, Defendant sent a second letter describing the

---

[1/]   Plaintiffs dispute these facts to the extent that they provided Bre with 60 days notice. The notice, attached as Exhibit B to the Declaration of Paul Grande, is dated March 22, 2011 and states that Plaintiffs will be vacating upon the expiration of their lease on May 11, 2011. For the purposes of these motions, it is not necessary to determine whether the notice was a 30 day or 60 day notice. There is also a dispute as to whether Plaintiffs moved out on May 10, May 11 or June 29, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

charges. On February 6, 2012, Plaintiffs notified Defendant that they did not receive the letter. On that same day, Defendant requested that Bre confirm the account information and balance.

On February 7, 2012, Defendant learned that Plaintiffs filed a complaint with the Department of Consumer Affairs, that Plaintiffs moved out June 29, 2011, and that Bre had not received the 30 day notice.[2] The parties dispute whether a Bre employee signed or initialed the notice and whether Bre received it. Defendant discussed with Bre the disputed charges and initialed notice. On February 28, 2012, Bre again confirmed that it had not received the notice. For the purposes of these motions, the relevant facts are what Defendant knew about the accuracy of the charges and when Defendant knew it. The first notice Defendant received from Bre that the amount was inaccurate was on May 18, 2012, after this lawsuit was filed. Bre notified Defendant that the correct balance on the account should have been $2,997.78.

This action was commenced in the Los Angeles Superior Court on April 23, 2012, and removed by Defendant on May 29, 2012. Plaintiffs allege the following two causes of action: (1) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32; and (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692-1692(p).

Defendant now moves for summary judgment on all Plaintiffs' claims based on the bona fide error affirmative defense. Plaintiffs move for summary judgment arguing that Defendant should be found liable on Plaintiffs' cause of action for violations of the FDCPA. Plaintiffs assert Defendant attempted to collect an invalid debt from them, and Defendant is unable to plead the bona fide error affirmative defense because Defendant unreasonably relied upon the original creditor's representation. Plaintiffs further argue that Defendant should be found liable on the second cause of action for violations of the RFDCPA, since the RFDCPA incorporates the FDCPA into its terms. Having considered the parties' submissions, and for the reasons that follow, the Court denies both parties' Motions for Summary Judgment.

II.     Legal Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of

---

[2] Plaintiffs object to Bre's statements as hearsay. They also object that Mr. Sobota lacks personal knowledge. Defendant argues that since Plaintiffs have not properly objected to the Sobota declaration, any objections are waived. In addition, it claims that the personal knowledge of Mr. Sobota is clearly set forth in the declaration and Bre's statements are not offered to prove the truth of the matter asserted. For the purposes of this motion, these statements by Bre are not being offered to prove the truth but only to show Defendant's knowledge regarding the debt. See L.A. News Serv. v. CBS Broad, Inc., 305 F.3d 924, 936 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The objections to the Sobota declaration are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e)(2) (nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252). Otherwise, summary judgment shall be entered.

III.   Analysis

Plaintiffs allege Defendant violated 15 U.S.C. §§ 1692e and 1692f, which prohibit a debt collector from engaging in false, deceptive or misleading representations or attempting to collect a debt which is not owed, by allegedly attempting to collect a debt which was invalid. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt. Pursuant to 15 U.S.C. § 1692f(1), a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The FDCPA makes debt collectors liable for violations that are not knowing or intentional. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 & n.11 (9th Cir.2006). However, it provides a "narrow exception to strict liability" for bona fide errors. Id. at 1177. The bona fide error defense is an affirmative defense, for which the defense has the burden of proof. Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1006 (9th Cir. 2008). 15 U.S.C. § 1692k(c) provides: A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | | Date | January 15, 2013 |
|---|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | | |

For the bona fide error defense to apply, Defendant is required to show that (1) the violation was not intentional; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F·.3d 939, 948 (9th Cir. 2011). The Ninth Circuit uses a two-step process to determine whether the procedures prong is met in any given case: first, the debt collector must "maintain[]"--i.e., actually employ or implement--procedures to avoid errors; and second, the procedures must be "reasonably adapted" to "'avoid the specific error at issue.'" Reichert, 531 F.3d at 1006 (quoting Johnson, 443 F.3d at 729) (emphasis added).

In Clark, the Ninth Circuit stated, "[l]ogically, if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors." 460 F.3d at 1177. However, the bona fide error defense "does not protect a debt collector whose reliance on a creditor's representation is unreasonable." Reichert, 531 F. 3d at 1006 (citing Clark, 460 F.3d at 1177). Further, "[t]he fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." Reichert, 531 F.3d at 1007. See also Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 996 (7th Cir. 2003) (suggesting that one "reasonable preventive measure[ ]" to avoid mistakes is "an agreement with . . . creditor-clients that debts are current"); Turner v. J.V.D.B. & Assocs., Inc., 318 F. Supp. 2d 681, 686 (N.D. Ill. 2004) (on remand from the Seventh Circuit in the above cited case, determining that an "understanding and/or agreement" that the client would only furnish reliable information would have been necessary to showing reasonable reliance).

The Ninth Circuit in McCollough cited other cases where reliance was found to be reasonable. See Hyman v. Tate, 362 F.3d 965, 967-68 (7th Cir. 2004) (reliance was reasonable where debt collector and creditor-client had "understanding" that client would not forward accounts in bankruptcy; error was made in 0.01% of cases; and debt collector immediately ceased collection efforts upon notice from debtor of the mistake); Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1032 (6th Cir. 1992) (the FDCPA "does not require an independent investigation of the debt referred for collection" where, for example, the debt collector's "referral form, completed and signed by [the creditor-client], include[d] specific instructions to claim only amounts legally due and owing"). McCollough, 637 F.3d at 949.

In this case, Plaintiffs argue Defendant cannot obtain summary judgment because Defendant's reliance on Bre was unreasonable and Defendant admits no procedure existed to avoid the specific error at issue. Defendant argues the error was unintentional and bona fide, it had reasonable procedures in place to avoid mistakes as to the amount of a debt, it reasonably relied on the creditor, and it was not required to conduct an independent investigation.

Defendant asserts that Bre always provided a statement of the charges prior to Defendant starting its collection efforts. Further, Defendant's Collector Handbook, which is provided to each collector at the beginning of employment, sets forth Defendant's procedures for dealing with a dispute:

      (1)    Mark the account disputed in accordance with the FDCPA and
              FCRA using Macro, 84.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

    (2)    Explain the charges to the consumer.

    (3)    If the consumer signed a contract you can reference the contract and how the charges are consistent with the contract they signed.

    (4)    You can provide a copy of the charges and contract to the consumer if it's available.

    (5)    Ask the consumer to detail their dispute in writing including copies of any proof. For instance, copies of letters to the management company, photos that might support their dispute, letters from the management company to the consumer. Dates, time, names etc.

    (6)    Refer detailed disputes to client services to review with the client.

    (7)    Review the client's response with the consumer.

    Defendant must show that these procedures are sufficient to avoid the specific error that occurred here. The parties dispute the nature of the specific error at issue and that the procedures were reasonably adapted to avoid it. A defendant must explain the procedures and the manner in which they were adapted before the mistake is entitled to be treated as one made in good faith. See Reichert, 531 F.3d at 1007. Here, the Defendant does not mention whether it used these procedures in this case or explain what is involved in reviewing a dispute with the client. A conclusory declaration that it maintained the required procedures is not enough to show Defendant is entitled to the bona fide error defense. Whether the procedures were reasonably adapted is "'a fact-intensive question.'" Reichert, 531 F.3d at 1006, (quoting Wilhelm v. Credico Inc., 519 F.3d 416, 421 (8th Cir. 2008)). The Court finds that there is a genuine issue of material fact as to whether the procedures are reasonably adapted to avoid the error in this case.

    Furthermore, the Court finds that there is a genuine issue of material fact regarding the reasonableness of Defendant's reliance on the information provided by Bre. Here, the Court has insufficient evidence to be able to determine reasonable reliance on the creditor as a matter of law. Similarly, the Court cannot find Defendant's reliance was unreasonable as a matter of law. Other facts, such as whether Defendant had a contract with Bre and how often errors of this kind occur, could contribute to the determination of the fact-intensive question regarding the applicability of the bona fide error affirmative defense.

    On the record before the Court, a triable question of fact exists regarding Defendant's bona fide error defense. Furthermore, that defense precludes summary judgment in Plaintiffs' favor based on FDCPA liability and RFDCPA liability.

**Conclusion**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4659 PA (SHx) | Date | January 15, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

     For all of the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment and denies Plaintiffs' Motion for Summary Judgment.

     IT IS SO ORDERED.