UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:          **IN CHAMBERS - COURT ORDER**

Before the Court is a Motion for Attorneys' Fees and Costs filed by plaintiffs Paul Grande and Zuzanna Grande ("Plaintiffs") (Docket No. 32). Defendant Fair Collections & Outsourcing, Inc. ("Defendant") has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 22, 2013, is vacated, and the matter taken off calendar.

I.      **Background**

This action was commenced in the Los Angeles Superior Court on April 23, 2012, and removed by Defendant on May 29, 2012. Plaintiffs allege the following two causes of action: (1) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32; and (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692(p).

Plaintiffs and Defendant each moved for summary judgment in December 2012. The Court denied both parties' Motions for Summary Judgment in an Order dated January 15, 2013. The parties filed a Notice of Settlement on February 1, 2013. Pursuant to the Notice of Settlement, Defendant agreed to pay to each Plaintiff $3,500.00 for a total of $7,000.00.

Plaintiffs now move for an award of attorneys' fees and costs. Plaintiffs' Motion for Attorneys' Fees and Costs asserts that the combined lodestar calculation for the efforts of all attorneys is $84,460.50, based on an hourly rate of $450.00 for Mr. Kazerounian, $495.00 for Mr. Swigart, $495.00 for Mr. Hyde and $250.00 for Mr. Loker. Plaintiffs also incurred $1,178.25 in costs and expenses. The parties submitted a Joint Statement re Attorneys' Fees listing the hours sought, a description of the hours, the movant's position, and the respondent's position. Defendant argues that reasonable attorneys' fees in this case should be $16,193, plus reasonable fees for Plaintiffs' Fee Application, as set forth in the Joint Statement and Memorandum in Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|----------|--------------------|------|--------------|

| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. |
|-------|---------------------------------------------------------------|

### II.    Attorneys' Fees Standard

The FDCPA and RFDCPA both provide that reasonable attorneys' fees and costs shall be awarded to a prevailing plaintiff.  Specifically, 15 U.S.C. § 1692k(a)(3) of the FDCPA states that "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person. . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court."  The FDCPA's statutory language makes the award of fees mandatory. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008).  "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." Id. (quoting Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995)); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1032 (9th Cir. Cal. 2012).

A reasonable attorneys' fee is determined in two steps.  First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. Camacho at 978; McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11).  Also, in determining the lodestar amount, the burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed.  Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001) (internal quotation marks and citation omitted).

Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975).  "A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure."  Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011).  "'To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether.'" Pisotoresi v. Madera Irrigation Dist., 2009 WL 910867, at *6 (E.D. Cal. April 2, 2009) (quoting Ketchum v. Moses, 24 Cal. 4th 1122, 1138, 104 Cal. Rptr. 2d 377, 388 (2001).  Although the court has broad discretion in determining attorneys' fee awards, it must provide "some indication or explanation as to how it arrived at the amount of fees awarded."  Fair Hous. of Marin v. Combs, 285 F.3d 899, 907 (9th Cir. 2002).

The twelve Kerr factors bearing on reasonableness are:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|----------|--------------------|------|--------------|

| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. |
|-------|--------------------------------------------------------------|

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id.  "There is a strong presumption that the lodestar figure represents a reasonable fee.  'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'"  Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)).  "[T]he court need not discuss each factor.  It is sufficient if the record shows that the court consider[s] the factors called into question by the case at hand and necessary to support the reasonableness of the fee award."  Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983) (internal citations and quotation marks omitted).

Some of the Kerr factors are subsumed into the initial lodestar calculation while others are not.  "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure."  Morales, 96 F.3d at 364 n.9.  Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are the novelty and complexity of issues, the special skill and experience of counsel, the quality of representation, and the results obtained.  Id. (citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988)).

### III.   Analysis

To assist the Court's review of the reasonableness of the requested fees, the Court ordered the parties to prepare a Joint Statement detailing the tasks completed by Plaintiffs' attorneys and paralegals, the amount of time Plaintiffs seek for each of those tasks, any reduction to those hours proposed by Defendant, and the parties' rationale in support of any disputed items.

#### A.   Reasonable Hours Expended

The Court has examined the disputed hours detailed in the parties' Joint Statement and the evidence presented by the parties in support and opposition to the Motion for Attorneys' Fees and Costs. Where appropriate, the Court has reduced or eliminated hours claimed by Plaintiffs.  The Court's reductions to the requested hours are reflected in the "Hours Awarded by Court" column of the Joint Statement, which is attached to this Order as Exhibit A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

Plaintiffs' Motion asserts that they have logged 242.5 hours in this case. Defendant challenges the accuracy and reasonableness of the hours submitted by Plaintiffs. Given the nature of the case and the descriptions in the Joint Statement, the Court finds that the reasonableness of the hours requested by Plaintiffs is not supported by the evidence. Here, the case did not contain the complexity of legal issues and the breadth of factual evidence to support the reasonableness of four attorneys, three of whom are partners, from two different law firms. Further, the number of hours requested is excessive. In this particular case, there was limited discovery, hearings and motions. The Court has therefore made reductions in the number of hours requested by Plaintiffs' counsel.

Where the Court has made reductions, it has done so for the reasons stated in the "Reasons for Reduction" column. The Court's reductions were made for the following reasons: lack of sufficient detail in the description; an excessive amount of time spent on the task; billing attorney time for nonbillable clerical and administrative tasks; and an overall excessive amount of time billed given the relative lack of complexity of the action, and the comparatively small amount of substantive work performed in the time the case was actively litigated.

As a result of its review, the Court has made the following modifications to the hours requested by Plaintiffs: (1) the 75.2 hours for Abbas Kazerounian have been reduced to 54.8 hours; (2) the 29.5 hours for Joshua B. Swigart have been reduced to 0 hours; (3) the 6.4 hours for Robert Hyde have been reduced to 0 hours; and (4) the 131.4 hours for Matthew M. Loker have been reduced to 95.1 hours.

**B.** **Reasonable Hourly Rates**

Plaintiffs argue that reasonable hourly rates are $450.00 for Mr. Kazerounian, $495.00 for Mr. Swigart, $495.00 for Mr. Hyde and $250.00 for Mr. Loker. The Declarations of Stephen G. Recordon and Clinton Rooney[1], submitted by Plaintiffs, state that these are reasonable rates for partners of their experience. However, the declarations state that these are rates for complex litigation, whereas this case involved the single issue of whether there had been a violation of the FDCPA and RFDCPA and was not a complex class action or complex commercial litigation. Defendant's Opposition provides that the reasonable rate is $300 per hour for Mr. Kazerounian, Mr. Swigart, and Mr. Hyde, and $185 per hour for Mr. Loker. See Declarations of June Coleman and Tomio Narita.[2] A district court should calculate the

---

[1] Defendant filed objections to the Declarations of Stephen G. Recordon and Clinton Rooney. Defendant argues that these declarations are irrelevant to the determination of a reasonable hourly rate, because each declaration only opines on rates for complex litigation, and therefore is not probative of the reasonable hourly rate for a simple, single-issue FDCPA case. The Court overrules the objections as they are not necessarily evidentiary objections regarding the admissibility of the evidence. The Court agrees that the declarations are not sufficient to establish the reasonable hourly rate in this case.

[2] Plaintiffs filed objections to the Declarations of June Coleman and Tomio Narita. Plaintiffs argue that the rates proposed in these declarations are irrelevant, because they are fellow defense attorneys and reference the hourly rate they would charge their own clients. However, these declarations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

reasonable hourly rate according to the prevailing market rates in the relevant community. See Blum at 895.

Plaintiffs do not provide much evidence for the requested rate of $250 per hour for Mr. Loker. It appears from the evidence submitted that Mr. Loker became a member of the bar approximately four months before the Complaint in the present matter was filed. Based on the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, the Court concludes that a rate of $250 per hour is not a reasonable hourly rate for Mr. Loker.

To support the rates sought, Plaintiffs argue that the FDCPA is a complex statutory scheme. While cases involving the FDCPA may be complex, this action was not. Here, the creditor acknowledged it had miscalculated the amount of the debt owed, which resulted in an automatic FDCPA violation. The only issue in this case was whether Defendant could establish a bona fide error. Plaintiffs cite Bellows v. NCO Financial Systems, Inc., 07-CV-1413 W (AJB), 2009 WL 35468 (S.D. Cal. Jan. 5, 2009), and Sarabi, et al. v. Weltman, Weinberg & Reis Co., L.P.A., 10-cv-1777 AJB (NLS), among other cases, in support of the rates of $450 and $495 per hour. However, both of these cases were putative class actions and more complex cases from the Southern District of California. The Court does not find these cases very persuasive because the rates do not appear to be based on similar services and recent cases in the Central District of California have awarded fees below those amounts.

Plaintiffs further cite that in Camacho, where an attorney's fee award in a FDCPA case was vacated because the district court failed to make findings regarding what constituted the relevant community or an appropriate market rate, the Ninth Circuit reiterated that "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." Camacho at 981 (internal quotation marks omitted and alteration in original). The Court has considered the cases submitted by Plaintiffs regarding fees awarded in other types of cases, as well as the other evidence submitted by Plaintiffs and Defendant regarding the prevailing market rates in the relevant community.

Additionally, recent cases in the Central District of California provide some indication of the prevailing market rates in the relevant community. See Rubenstein v. Nat'l Recovery Agency, Inc., 2012 U.S. Dist. LEXIS 87941 (C.D. Cal. Apr. 25, 2012) (finding that $275.00 is a reasonable hourly rate in a case involving FDCPA claims); Yepremyan v. GC Servs. LP, 2013 U.S. Dist. LEXIS 13516, 4-5 (C.D. Cal. Jan. 18, 2013) (approving billing rate of $240 per hour and $335 per hour); McClenning v. NCO Fin. Sys., No. 10-CV-3631 (CAS) (RZx), 2011 U.S. Dist. LEXIS 41334, at *8 (C.D. Cal. Apr. 11, 2011) (finding that the requested $285.00 hourly rate was reasonable for attorneys with 10 and 12 years of experience in FDCPA cases); Montoya v. Creditors Interchange Receivable Mgmt., LLC, No. CV

provide information regarding each of Plaintiffs' attorneys in this case specifically. The declarations are based on the level of experience of Plaintiffs' attorneys, a review of the pleadings in this case, and the average market rates for cases of similar complexity in the Central District of California. Plaintiffs' objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4659 PA (SHx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | Paul Grande, et al. v. Fair Collections & Outsourcing, Inc. | | |

10-3037 (PSG) (Ex), 2011 U.S. Dist. LEXIS 64611 (C.D. Cal. June 17, 2011) (awarding $275.00 per hour).

Considering all of the factors and looking at the rates prevailing in the community for similar services by lawyers of reasonably comparable skill and experience, the Court finds that the rates of $300 per hour and $185 per hour are reasonable. Therefore, the Court adopts the rates established by Defendant.

### C.   Reasonable Costs

Additionally, Plaintiffs seek $1,178.25 in costs and expenses. The Court's February 12, 2013 Order setting the briefing schedule for Plaintiffs' Motion for Attorneys' Fees stated that a separate spreadsheet or table shall be prepared for any non-taxable costs. Plaintiffs have not filed a separate spreadsheet or table for non-taxable costs. Further, when the Court ordered the partes to prepare a Joint Statement detailing the non-taxable costs, it did not relieve Plaintiffs of the requirements of Local Rule 54-3, which requires the prevailing party to file a Notice of Application to the Clerk to Tax Costs and lodge a Bill of Costs.

Pursuant to Local Rule 54-3, at least in the first instance, it is for the Clerk, and not the Court, to determine the award of taxable costs. The Court has discretion to deny Plaintiffs' request for taxable costs based on Plaintiffs' failure to comply with the Local Rules. See Lytle v. Carl, 382 F.3d 978, 989 (9th Cir. 2004) (affirming a district court's refusal to award taxable costs for failure to comply with a local rule). Accordingly, the Court declines to award taxable costs.

Plaintiffs detailed their costs in the parties' Joint Statement. However, they did not indicate whether the amounts they seek are taxable or non-taxable costs. Litigation expenses, such as duplication costs, transcripts, survey expenses, and expert fees, are not taxable under Central District Local Rule 54-4, but are recoverable as "reasonable attorneys' fees" if the prevailing practice in the local community is separate billing for such expenses. See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006). The costs sought by Plaintiffs appear to be mainly for internal office printing. Plaintiffs have failed to submit any evidence that the prevailing practice in the local community is separate billing for such expenses. Therefore, Plaintiffs' Motion for Attorneys' Fees and Costs is denied as to costs.

### Conclusion

For all of the foregoing reasons, the Court grants in part Plaintiffs' Motion for Attorneys' Fees and Costs and awards attorneys' fees in the total amount of $34,033.50 ($17,593.50 for 95.1 hours at $185/hour for work performed by Mr. Loker; $16,440 for 54.8 hours at $300/hour for work performed by Mr. Kazerounian). The Court denies Plaintiffs' Motion with respect to costs.

IT IS SO ORDERED.

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 3/22/2012 | AK | Discussed potential case with ML and JBS | 0.8 | 0 | 0.8 | N/A |
| 3/27/2012 | AK | Printing Cost - $11.70 | | $11.70 | | Entry lacks sufficient detail to determine reasonableness |
| 3/28/2012 | AK | Discussed documents with ML | 0.9 | 0 | 0 | determine reasonableness |
| 3/29/2012 | AK | Saved executed Retainer | 0.1 | 0 | 0 | Clerical or administrative task |
| 3/30/2012 | AK | Printing Cost for Complaint – $2.40 | | $2.40 | | |
| 3/30/2012 | AK | Reviewed Complaint and sent minor notes to ML | 0.7 | 0.4 | 0.4 | |
| 3/30/2012 | AK | Sent Complaint to JBS to review | 0.1 | 0 | 0 | Excessive |
| 4/2/2012 | AK | Reviewed final draft | 0.4 | 0 | 0.4 | Duplicative or unnecessary |
| | | | | | | N/A |
| 4/2/2012 | AK | Sent Complaint to process server to be filed and served | 0.3 | 0 | 0 | Clerical or administrative task |
| 5/12/2012 | AK | Printed BBB Responses - $4.20 | | $4.20 | | |
| 5/15/2012 | AK | Discussed BBB response with ML | 0.3 | 0 | 0.3 | N/A |
| 5/29/2012 | AK | Received notice that FCO removed case to Central District | 0.1 | 0.1 | 0.1 | n/A |
| 5/29/2012 | AK | Sent removal notice to ML and JBS | 0.2 | 0 | 0.2 | N/A |
| 5/30/2012 | AK | Discussed response with ML | 0.2 | 0 | 0.2 | N/A |
| 5/30/2012 | AK | Reviewed FCO's Answer | 0.2 | 0.2 | 0.2 | N/A |
| 5/31/2012 | AK | Received/reviewed Standing Order – sent to ML and JBS | 0.4 | 0.4 | 0.4 | N/A |
| 5/31/2012 | AK | Received/reviewed Scheduling Meeting of Counsel – sent to ML and JBS | 0.3 | 0 | 0.3 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 6/1/2012 | AK | Discussed Standing Order and Scheduling Meeting of Counsel with ML | 0.4 | 0 | 0.2 | Excessive |
| 6/18/2012 | AK | Discussed FCO's position with ML, JBS and BH | 0.3 | 0 | 0.3 | N/A |
| 6/29/2012 | AK | Printed 26f - $2.40 | | $2.40 | | |
| 6/29/2012 | AK | Reviewed 26f – sent notes to ML | 0.4 | 0.4 | 0.4 | N/A |
| 7/6/2012 | AK | Reviewed 26f – approved for filing | 0.3 | 0.3 | 0.3 | N/A |
| 7/20/2012 | AK | Received Order re 26f | 0.1 | 0.1 | 0.1 | N/A |
| 7/20/2012 | AK | Reviewed 26f and forwarded to ML and JBS | 0.5 | 0.5 | 0.5 | N/A |
| 7/20/2012 | AK | Received Civil Trial Order and Scheduling Order | 0.1 | 0.1 | 0.1 | N/A |
| 7/20/2012 | AK | Sent Civil Trial Order and Scheduling Order to ML and JBS | 0.1 | 0 | 0.1 | N/A |
| 7/23/2012 | AK | Printed 26as - $1.20 | | $1.20 | | |
| 7/23/2012 | AK | Reviewed 26as | 0.5 | 0.2 | 0.5 | N/A |
| 7/23/2012 | AK | Sent notes to ML re 26as | 0.1 | 0 | 0.1 | N/A |
| 7/23/2012 | AK | Printed 26as with AK notes - $1.20 | | | | |
| 9/12/2012 | AK | Discussed settlement numbers with ML | 0.4 | 0 | 0.4 | N/A |
| 10/5/2012 | AK | Discussed litigation strategy with JBS and ML | 1.3 | 0 | 0.8 | Excessive |
| 10/7/2012 | AK | Printed discovery - $4.50 | | $4.50 | | |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 10/7/2012 | AK | Reviewed discovery and made changes | 0.6 | 0.6 | 0.6 | N/A |
| 11/19/2012 | AK | Discussed extension with ML | 0.2 | 0 | 0.2 | N/A |
| 12/3/2012 | AK | Discussed discovery with ML | 0.5 | 0 | 0.5 | N/A |
| 12/6/2012 | AK | Discussed filing MSJ with ML and JBS | 1.4 | 0 | 1 | Excessive |
| 12/7/2012 | AK | Began research for MSJ | 1.4 | 0 | 1.4 | N/A |
| 12/11/2012 | AK | Drafted MSJ | 3.4 | 0 | 3.4 | N/A |
| 12/11/2012 | AK | Printed our MSJ - $31.80 | | $0 | | |
| 12/12/2012 | AK | Continued work on MSJ | 4.5 | 0 | 3 | Excessive |
| 12/13/2012 | AK | Sent MSJ to ML, BH, and JBS to review | 0.1 | 0 | 0.1 | N/A |
| 12/15/2012 | AK | Printed their MSJ - $26.10 | | $26.10 | | |
| 12/15/2012 | AK | Researched FCO's MSJ | 2.7 | 0 | 2.7 | N/A |
| 12/15/2012 | AK | Discussed Decs for PG and ZG with ML and JBS | 0.6 | 0 | 0.6 | N/A |
| 12/17/2012 | AK | Received supplemental RFPs | 0.1 | 0.1 | 0.1 | N/A |
| 12/17/2012 | AK | Sent supplemental responses to ML to review | 0.1 | 0 | 0.1 | N/A |
| 12/18/2012 | AK | Began Oppo to FCO's MSJ | 1.1 | 1.1 | 1.1 | N/A |
| 12/18/2012 | AK | Printed our Oppo - $11.70 | | $11.70 | | |
| 12/20/2012 | AK | Printed JBS' notes - $11.70 | | $11.70 | | |
| 12/20/2012 | AK | Continued work on Oppo | 5.1 | 5.1 | 5.1 | N/A |
| 12/22/2012 | AK | Discussed FCO's Oppo with ML and JBS | 0.5 | 0 | 0.5 | N/A |
| 12/22/2012 | AK | Printed their Oppo - $23.40 | | $0 | | |
| 12/23/2012 | AK | Continued work on our Oppo | 2 | 1 | 2 | N/A |
| 12/23/2012 | AK | Continued work on Oppo | 1.8 | 0 | 1 | Excessive |
| 12/23/2012 | AK | Printed our Oppo - $11.70 | | $11.70 | | |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|----------------------------|------------------------|----------------------|
| 12/24/2012 | AK | Sent final Oppo to JBS and BH to review | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 12/24/2012 | AK | Filed Oppo to FCO's MSJ | 0.7 | 0 | 0 | Clerical or administrative task |
| 12/26/2012 | AK | Printed ML's Reply draft - $5.10 | | $5.10 | | |
| 12/27/2012 | AK | Worked on Reply | 1.9 | 0 | 1.9 | N/A |
| 12/29/2012 | AK | Finalized Reply | 1.1 | 0 | 1.1 | N/A |
| 12/29/2012 | AK | Sent Reply to ML, JBS and BH to review | 0.1 | 0 | 0.1 | N/A |
| 12/30/2012 | AK | Prepared PG and ZG for depo | 2.2 | 0 | 0 | Duplicative or unnecessary |
| 12/31/2012 | AK | Filed Reply | 0.7 | 0 | 0 | Clerical or administrative task |
| 1/1/2013 | AK | Reviewed FCO's reply | 2.7 | 0 | 1.5 | Excessive |
| 1/1/2013 | AK | Printed their Reply - $8.40 | | $8.40 | | |
| 1/1/2013 | AK | Discussed FCO's Reply with ML and JBS | 1 | 0 | 0.5 | Excessive |
| 1/1/2013 | AK | Called PG and ZG final depo prep | 0.6 | 0.6 | 0.6 | N/A |
| 1/2/2013 | AK | Defended depos re PG and ZG | 8.4 | 4.1 | 7 | Excessive |
| 1/2/2013 | AK | Parking - $27.50 | | $27.50 | | |
| 1/3/2013 | AK | Discussed depos with JBS and ML | 0.4 | 0 | 0 | Duplicative or unnecessary |
| 1/15/2013 | AK | Received Ruling on MSJ | 0.1 | 0.1 | 0.1 | N/A |
| 1/15/2013 | AK | Sent ruling to ML, JBS, and AK | 0.3 | 0 | 0.1 | Excessive |
| 1/17/2013 | AK | Discussed Order with ML, JBS and AK | 0.9 | 0 | 0.4 | Excessive |
| 1/17/2013 | AK | Discussed potential motion re reconsideration with PG and ZG | 0.6 | 0 | 0.1 | Excessive |
| 1/20/2013 | AK | Discussed pretrial docs with ML and JBS | 1.1 | 0 | 0.4 | Entry lacks sufficient detail to determine reasonableness |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 1/29/2013 | AK | Printed pretrial docs - $28.20 | | $28.20 | | |
| 1/29/2013 | AK | Discussed Joint Pretrial docs with ML and JBS | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 1/29/2013 | AK | Sent demand to ST and PJ | 0.3 | 0.3 | 0.3 | N/A |
| 1/29/2013 | AK | Discussed mediation with ML | 0.2 | 0 | 0.1 | Excessive |
| 1/29/2013 | AK | Discussed mediation with ST | 0.5 | 0.5 | 0.5 | N/A |
| 1/29/2013 | AK | Reviewed Joint Stip and sent notes to ML | 0.3 | 0 | 0.3 | N/A |
| 1/31/2013 | AK | Printed pretrial docs - $28.20 | | $28.20 | | |
| 1/31/2013 | AK | Reviewed and sent notes to ML | 1.2 | 0 | 1.2 | N/A |
| 1/31/2013 | AK | Researched FDCPA and bona fide error | 2.1 | 0 | 0 | Duplicative or unnecessary |
| 2/1/2013 | AK | Reviewed pretrial docs | 0.7 | 0 | 0.4 | Excessive |
| 2/1/2013 | AK | Discussed settlement with ST | 0.7 | 0.7 | 0.7 | N/A |
| 2/1/2013 | AK | Requested that ML discuss settlement numbers with PG and ZG | 0.2 | 0 | 0.1 | Excessive |
| 2/4/2013 | AK | Discussed Order with ML and JBS | 0.4 | 0 | 0.2 | Excessive |
| 2/8/2013 | AK | Received confirmation from ML that PG and ZG would appear at hearing | 0.1 | | 0.1 | N/A |
| 2/12/2013 | AK | Discussed hearing with ML and JBS | 0.5 | 0 | 0.2 | Excessive |
| 2/13/2013 | AK | Discussed fee petition with ML and JBS | 0.7 | 0 | 0.7 | N/A |
| 2/18/2013 | AK | Gathered costs | 2.1 | 0 | 0 | Clerical or administrative task |
| 3/8/2013 | AK | Received a message from PJ requesting a settlement demand | 0.1 | 0.1 | 0.1 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 3/8/2013 | AK | Discussed Plaintiffs' counter with ML and JBS | 0.2 | 0 | 0.2 | N/A |
| 3/8/2013 | AK | Sent demand to PJ | 0.1 | 0.1 | 0.1 | N/A |
| 3/8/2013 | AK | Discussed FCO's position on settlement check with ML and JBS | 0.3 | 0 | 0.2 | Excessive |
| 3/12/2013 | AK | Continued work on Fee Petition | 1.3 | ? | 1.3 | N/A |
| 3/12/2013 | AK | Worked on Fee Petition | 4.1 | Defendant has not yet received Fee Petition | 3 | Excessive |
| 3/13/2013 | AK | Reviewed Joint Statement and sent notes to ML | 0.4 | 0 | 0.4 | N/A |
| 12/27/2012 | AK | Discussed Reply with ML and JBS | 0.8 | 0 | 0.4 | Excessive |
| | | | | | **54.8** | |
| | | | | 54.8 hrs * $300/hr | **$16,440.00** | |
| 6/18/2012 | BH | Discussed FCO's position with ML, AK, and JBS | 0.3 | 0 | 0 | Duplicative or unnecessary |
| 12/13/2012 | BH | Printed our MSJ - $31.80 | | 0 | | |
| 12/13/2012 | BH | Reviewed MSJ and made notes | 2.2 | 0 | 0 | Duplicative or unnecessary |
| 12/23/2012 | BH | Printed our Oppo - $11.70 | | $0 | | |
| 12/23/2012 | BH | Reviewed our Oppo | 1.2 | 0 | 0 | Duplicative or unnecessary |
| 12/30/2012 | BH | Made additions to Reply | 1 | 0 | 0 | Duplicative or unnecessary |
| 1/16/2013 | BH | Reviewed Order re MSJ | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 1/17/2013 | BH | Discussed Order with ML, JBS and AK | 0.9 | 0 | 0 | Duplicative or unnecessary |
| | | | | | | |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 3/22/2012 | JBS | Discussed potential case with ML and AK | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 3/29/2012 | JBS | Saved executed Retainer | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 3/30/2012 | JBS | Printing Cost for Complaint – $2.40 | | 0 | 0 | |
| 3/30/2012 | JBS | Reviewed Complaint | 0.5 | 0 | 0 | Duplicative or unnecessary |
| 3/30/2012 | JBS | Sent Complaint to ML with notes | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 5/30/2012 | JBS | Received Notice re removal from AK | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 5/30/2012 | JBS | Printed Removal documents - $9.30 | | 0 | 0 | |
| 5/30/2012 | JBS | Reviewed FCO's Answer | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 5/31/2012 | JBS | Reviewed Standing Order | 0.5 | 0 | 0 | Duplicative or unnecessary |
| 5/31/2012 | JBS | Reviewed Scheduling Meeting of Counsel | 0.4 | 0 | 0 | Duplicative or unnecessary |
| 6/18/2012 | JBS | Discussed FCO's position with ML, AK and BH | 0.3 | 0 | 0 | Duplicative or unnecessary |
| 6/29/2012 | JBS | Printed 26f - $2.40 | | $0 | $0 | |
| 6/30/2012 | JBS | Reviewed 26f and sent notes to ML | 0.3 | 0 | 0 | Duplicative or unnecessary |
| 7/20/2012 | JBS | Received 26f Order from AK | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 7/20/2012 | JBS | Printed 26f Order - $.60 | | $0 | $0 | |
| 7/20/2012 | JBS | Received Civil Trial Order and Scheduling Order from AK | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 10/5/2012 | JBS | Drove to Santa Ana to discuss litigation strategy | 1.6 | 0 | 0 | Duplicative or unnecessary |
| 10/5/2012 | JBS | Mileage cost of $43 | | $0 | $0 | |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|----------------------------|------------------------|----------------------|
| 10/5/2012 | JBS | Discussed litigation strategy with AK and ML | 1.3 | 0 | 0 | Duplicative or unnecessary |
| 10/5/2012 | JBS | Drove to San Diego | 1.4 | 0 | 0 | Duplicative or unnecessary |
| 10/5/2012 | JBS | Mileage cost of $43 | | $0 | | |
| 10/7/2012 | JBS | Printed discovery - $4.50 | | 0 | | |
| 10/8/2012 | JBS | Reviewed AK's changes and made additions | 0.3 | 0 | 0 | Duplicative or unnecessary |
| 12/6/2012 | JBS | Discussed filing MSJ with ML and AK | 1.4 | 0 | 0 | Duplicative or unnecessary |
| 12/13/2012 | JBS | Printed our MSJ - $31.80 | | $0 | | |
| 12/14/2012 | JBS | Reviewed MSJ and made notes | 1.6 | 0 | 0 | Duplicative or unnecessary |
| 12/15/2012 | JBS | Printed their MSJ - $26.10 | | $0 | | |
| 12/15/2012 | JBS | Reviewed FCO's MSJ | 0.7 | 0 | 0 | Duplicative or unnecessary |
| 12/15/2012 | JBS | Discussed Decs for PG and ZG with AK and ML | 0.6 | 0 | 0 | Duplicative or unnecessary |
| 12/19/2012 | JBS | Reviewed Oppo and sent notes to AK | 1.9 | 0 | 0 | Duplicative or unnecessary |
| 12/22/2012 | JBS | Discussed FCO's Oppo with AK and ML | 0.5 | 0 | 0 | Duplicative or unnecessary |
| 12/23/2012 | JBS | Printed our Oppo - $11.70 | | $0 | | |
| 12/23/2012 | JBS | Reviewed our Oppo | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 12/27/2012 | JBS | Discussed Reply with ML and AK | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 12/30/2012 | JBS | Printed Reply - $5.10 | | $0 | | |
| 12/30/2012 | JBS | Made additions to Reply | 1.2 | 0 | 0 | Duplicative or unnecessary |
| 12/31/2012 | JBS | Reviewed FCO's Reply | 1.8 | 0 | 0 | Duplicative or unnecessary |
| 12/31/2012 | JBS | Printed their Reply - $8.40 | | $0 | | |
| 1/1/2013 | JBS | Discussed FCO's Reply with AK and ML | 1 | 0 | 0 | Duplicative or unnecessary |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|---------------------------|------------------------|----------------------|
| 1/3/2013 | JBS | Discussed depos with AK and ML | 0.4 | 0 | 0 | Duplicative or unnecessary |
| 1/15/2013 | JBS | Reviewed Order re MSJ | 1.1 | 0 | 0 | Duplicative or unnecessary |
| 1/17/2013 | JBS | Discussed Order with ML, BH and AK | 0.9 | | 0 | Duplicative or unnecessary |
| 1/20/2013 | JBS | Discussed pretrial docs with AK and ML | 1.1 | 0 | 0 | Duplicative or unnecessary |
| 1/29/2013 | JBS | Printed pretrial docs - $28.20 | | $0 | | |
| 1/29/2013 | JBS | Discussed Joint Pretrial docs with AK and ML | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 1/29/2013 | JBS | Reviewed Joint Stip and sent notes to ML | 0.2 | 0 | 0 | Duplicative or unnecessary |
| 1/31/2013 | JBS | Printed pretrial docs - $28.20 | | $0 | | |
| 1/31/2013 | JBS | Sent notes to ML | 0.9 | 0 | 0 | Duplicative or unnecessary |
| 2/1/2013 | JBS | Reviewed pretrial docs | 1.1 | 0 | 0 | Duplicative or unnecessary |
| 2/4/2013 | JBS | Discussed Order with AK and ML | 0.4 | 0 | 0 | Duplicative or unnecessary |
| 2/12/2013 | JBS | Discussed hearing with AK and ML | 0.5 | 0 | 0 | Duplicative or unnecessary |
| 2/13/2013 | JBS | Discussed fee petition with AK and ML | 0.7 | 0 | 0 | Duplicative or unnecessary |
| 3/8/2013 | JBS | Discussed Plaintiffs' counter with ML and AK | 0.2 | 0 | 0 | Duplicative or unnecessary |
| 3/8/2013 | JBS | Discussed FCO's position on settlement check with AK and ML | 0.3 | 0 | 0 | Duplicative or unnecessary |
| 3/13/2013 | JBS | Reviewed Joint Statement and sent notes to ML | 0.6 | 0 | 0 | Duplicative or unnecessary |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| | | | | | | |
| 3/22/2012 | ML | Performed client intake re Paul and Zuzanna | 1.6 | 1.6 | 1.6 | N/A |
| 3/22/2012 | ML | Discussed potential case with AK and JBS | 0.8 | 0 | 0.8 | N/A |
| 3/23/2012 | ML | Called PG to inform him of interest in case – no answer | 0.1 | 0 | 0.1 | N/A |
| 3/26/2012 | ML | Received call from PG and ZG re case – informed PG that we needed documents prior to filing | 0.7 | 0.4 | 0.7 | N/A |
| 3/27/2012 | ML | Received documents from PG | 0 | 0 | | |
| 3/27/2012 | ML | Reviewed documents | 1.3 | 0.6 | 1 | Excessive |
| 3/27/2012 | ML | Printing Cost - $11.70 | | $11.70 | | |
| 3/28/2012 | ML | Discussed documents with AK | 0.9 | 0 | 0 | Entry lacks sufficient detail to determine reasonableness |
| 3/28/2012 | ML | Called PG with follow-up questions | 0.4 | 0.4 | 0.4 | N/A |
| 3/28/2012 | ML | Exchanged e-mails with ZG re Retainer | 0.2 | 0.2 | 0.2 | N/A |
| 3/29/2012 | ML | Received executed Retainer from PG/ZG | 0.1 | 0.1 | 0.1 | N/A |
| 3/29/2012 | ML | Sent executed Retainer to AK and JBS | 0.1 | 0 | 0 | Clerical or administrative task |
| 3/29/2012 | ML | Fax costs - $5.00 ($2.50 per copy) | | $0.20 | | |
| 3/29/2012 | ML | Drafted Complaint | 1.2 | 1.2 | 1.2 | N/A |
| 3/29/2012 | ML | Sent Complaint to AK to review | 0.1 | 0 | 0 | Clerical or administrative task |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 3/30/2012 | ML | Printing Cost for Complaint – $2.40 | | $2.40 | | |
| 3/30/2012 | ML | Made changes to Complaint | 0.6 | 0.6 | 0.6 | N/A |
| 4/2/2012 | ML | Sent Complaint to AK for final review | 0.1 | 0 | 0 | Clerical or administrative task |
| 4/17/2012 | ML | Received e-mail from PG re status | 0.1 | 0.1 | 0.1 | N/A |
| 4/17/2012 | ML | E-mailed PG informing him that process server is in process of filing and serving | 0.2 | 0.2 | 0.2 | n/A |
| 4/23/2012 | ML | Spoke with process server – Complaint filed | 0.2 | 0 | 0 | Clerical or administrative task |
| 5/3/2012 | ML | Received status inquiry from PG | 0.1 | 0.1 | 0.1 | N/A |
| 5/3/2012 | ML | Called process server re status of service | 0.2 | 0 | 0 | Clerical or administrative task |
| 5/3/2012 | ML | Returned PG's e-mail with update re service | 0.3 | 0.3 | 0.3 | N/A |
| 5/14/2012 | ML | Received call from process server – FCO served | 0.2 | 0 | 0.2 | N/A |
| 5/15/2012 | ML | Received e-mail from PG and ZG with BRE Properties, Inc.'s BBB response | 0.1 | 0.1 | 0.1 | N/A |
| 5/15/2012 | ML | E-mailed PG and ZG letting them know that I would review in the afternoon | 0.1 | 0.1 | 0.1 | N/A |
| 5/15/2012 | ML | Printed BBB Responses - $4.20 | | $4.20 | | |
| 5/15/2012 | ML | Reviewed BBB response | 0.4 | 0.2 | 0.4 | N/A |
| 5/15/2012 | ML | Discussed BBB response with AK | 0.3 | 0 | 0.3 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|----------------------------|-----------------------|----------------------|
| 5/15/2012 | ML | Informed PG and ZG that BBB response from BRE admitted violation | 0.4 | 0.4 | 0.4 | N/A |
| 5/29/2012 | ML | Received notice of removal from AK | 0.1 | 0 | 0.1 | N/A |
| 5/29/2012 | ML | Printed Removal documents - $9.30 | | $9.30 | | |
| 5/29/2012 | ML | Discussed removal with AK | 0.3 | 0 | 0.1 | Entry lacks sufficient detail to determine reasonableness |
| 5/30/2012 | ML | Informed PG and ZG that FCO removed Complaint to Federal Court | 0.4 | 0.4 | 0.4 | N/A |
| 5/30/2012 | ML | Received e-mail from PG and ZG re removal | 0.1 | 0.1 | 0.1 | N/A |
| 5/30/2012 | ML | Discussed e-mail and response with AK | 0.2 | 0 | 0.2 | N/A |
| 5/30/2012 | ML | Responded to removal e-mail from PG and ZG | 0.4 | 0.4 | 0.4 | N/A |
| 5/30/2012 | ML | Received and reviewed response from PG and ZG | 0.3 | 0.3 | 0.3 | N/A |
| 5/30/2012 | ML | Responded to PG and ZG's e-mail | 0.3 | 0.3 | 0.3 | n/A |
| 5/30/2012 | ML | Received and reviewed e-mail from PG and ZG | 0.1 | 0 | 0.1 | N/A |
| 5/30/2012 | ML | E-mailed ST to discuss case | 0.1 | 0.1 | 0.1 | N/A |
| 5/31/2012 | ML | Discussed case with ST | 0.4 | 0.4 | 0.4 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 5/31/2012 | ML | Reviewed Answer, Notice of Interested Parties, Notice of Parties to Court-Directed ADR Program | 0.6 | 0.2 | 0.6 | N/A |
| 5/31/2012 | ML | Printing Costs re Answer, Notice of Interested Parties, Notice of Parties to Court-Directed ADR Program - $3.30 | | $3.30 | | |
| 5/31/2012 | ML | Reviewed Standing Order and calendared dates | 1.1 | 0 | 0.5 | Entry lacks sufficient detail to determine reasonableness; block billing; clerical task |
| 5/31/2012 | ML | Printed standing order - $2.70 | | $2.70 | | |
| 5/31/2012 | ML | Printed Scheduling Meeting of Counsel - $1.80 | | $1.80 | | |
| 5/31/2012 | ML | Reviewed Scheduling Meeting of Counsel and calendared dates | 0.8 | 0 | 0.4 | Excessive |
| 6/1/2012 | ML | Discussed Standing Order and Scheduling Meeting of Counsel with AK | 0.4 | 0 | 0.2 | Excessive |
| 6/3/2012 | ML | Made settlement demand to ST | 0.3 | 0.3 | 0.3 | N/A |
| 6/10/2012 | ML | Sent follow up e-mail to ST re settlement demand | 0.1 | 0.1 | 0.1 | N/A |
| 6/18/2012 | ML | Received rejection from ST – no counter, informed that Client would bring MSJ by 6/21/12 and request for attorney's fees | 0.1 | 0.1 | 0.1 | N/A |
| 6/18/2012 | ML | Informed AK, JBS and BH of FCO's position | 0.3 | 0 | 0.3 | N/A |
| 6/18/2012 | ML | Told ST to bring MSJ | 0.2 | 0.2 | 0.2 | N/A |

Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 6/28/2012 | ML | Discussed 26f with PG and ZG | 0.5 | 0.5 | 0.5 | N/A |
| 6/28/2012 | ML | Prepared 26f – sent to AK to review | 1 | 1 | 1 | N/A |
| 6/29/2012 | ML | Made changes to 26f | 0.4 | 0.4 | 0.4 | N/A |
| 6/29/2012 | ML | Sent 26f to JBS to review | 0.1 | 0 | 0 | Duplicative or unnecessary |
| 6/29/2012 | ML | Printed 26f - $2.40 | | $2.40 | | |
| 6/30/2012 | ML | Made changes to 26f | 0.2 | 0 | 0.2 | N/A |
| 6/30/2012 | ML | E-mailed ST to Meet and Confer re 26f | 0.1 | 0.1 | 0.1 | N/A |
| 7/2/2012 | ML | Received e-mail from ST re Meet and Confer – informed him that I would prepare 26f | 0.3 | 0.3 | 0.3 | N/A |
| 7/5/2012 | ML | Finished 26f | 0.2 | 0.2 | 0.2 | N/A |
| 7/5/2012 | ML | Sent 26f to ST to review | 0.2 | 0.1 | 0.2 | N/A |
| 7/6/2012 | ML | Received e-mail from ST stating dates are ok but still need FCO's portions | 0.3 | 0.1 | 0.1 | Excessive |
| 7/6/2012 | ML | Received FCO's additions | 0.1 | 0.1 | 0.1 | N/A |
| 7/6/2012 | ML | Printed 26f - $2.40 | | $2.40 | | |
| 7/6/2012 | ML | Sent 26f to AK for final review | 0.1 | 0 | 0.1 | N/A |
| 7/6/2012 | ML | Lodged 26f with Court | 0.2 | 0 | 0 | Clerical or administrative task |
| 7/13/2012 | ML | Received e-mail from PG re status | 0.1 | 0.1 | 0.1 | N/A |
| 7/13/2012 | ML | Responded to PG | 0.2 | 0.2 | 0.2 | N/A |
| 7/20/2012 | ML | Received 26f Order from AK | 0.1 | 0 | 0.1 | N/A |
| 7/20/2012 | ML | Printed 26f Order - $.60 | | $0.60 | | |
| 7/20/2012 | ML | Calendared 26f Order dates | 0.4 | 0 | 0 | Clerical or administrative task |
| 7/20/2012 | ML | Received Civil Trial Order and Scheduling Order from AK | 0.1 | 0 | 0.1 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 7/20/2012 | ML | Printed Civil Trial Order and Scheduling Order - $2.70 | | $2.70 | | |
| 7/20/2012 | ML | Printed Civil Trial Order and Scheduling Order - $2.70 | | $2.70 | | |
| 7/20/2012 | ML | Calendared Civil Trial Order and Scheduling Order dates | 0.6 | 0 | 0 | Clerical or administrative task |
| 7/20/2012 | ML | Explained purpose of 26as and what we needed from PG and ZG for them | 0.8 | 0.3 | 0.8 | N/A |
| 7/23/2012 | ML | Prepared Initial Disclosures | 1.3 | 0.6 | 1.3 | N/A |
| 7/23/2012 | ML | Sent 26as to AK for review | 0.1 | 0 | 0.1 | N/A |
| 7/24/2012 | ML | Made changes to 26a | 0.3 | 0 | 0.3 | N/A |
| 7/25/2012 | ML | Discussed 26as with PG and ZG | 0.3 | 0.3 | 0.3 | N/A |
| 7/25/2012 | ML | Sent 26as to ST | 0.1 | 0.1 | 0.1 | N/A |
| 7/30/2012 | ML | Received e-mail from Kathryn Flora (FCO attorney) re FCO's 26as – informed that we would receive them by August 2, 2012 | 0.1 | 0.1 | 0.1 | N/A |
| 7/30/2012 | ML | Calendared FCO's 26a date | 0.1 | 0 | 0 | Clerical or administrative task |
| 9/10/2012 | ML | Discussed case with AK | 0.3 | 0 | 0.3 | N/A |
| 9/11/2012 | ML | Discussed case and settlement options with PG and ZG | 0.5 | 0.5 | 0.5 | N/A |
| 9/12/2012 | ML | Discussed case with ST | 0.3 | 0.3 | 0.3 | N/A |
| 9/12/2012 | ML | Discussed settlement numbers with AK | 0.4 | 0 | 0.4 | N/A |
| 9/12/2012 | ML | Sent settlement demand to ST | 0.4 | 0.2 | 0.2 | Excessive |
| 9/12/2012 | ML | Received e-mail from ST | 0.1 | 0.1 | 0.1 | N/A |
| 9/30/2012 | ML | PG and ZG requested update re settlement | 0.2 | 0.2 | 0.2 | N/A |

**Joint Statement re Attorneys' Fees with Court's Reductions**

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 10/1/2012 | ML | Sent e-mail to ST re settlement demand | 0.1 | 0.1 | 0.1 | N/A |
| 10/4/2012 | ML | Received e-mail from ST saying that he has not heard back from FCO yet | 0.1 | 0.1 | 0.1 | N/A |
| 10/5/2012 | ML | Discussed litigation strategy with AK and JBS | 1.3 | 0 | 0.8 | Excessive |
| 10/5/2012 | ML | Prepared discovery | 2 | 2 | 2 | N/A |
| 10/6/2012 | ML | Sent discovery to AK and JBS to review | 0.1 | 0 | 0.1 | N/A |
| 10/8/2012 | ML | Printed discovery - $4.50 | | $4.50 | | |
| 10/8/2012 | ML | Finalized discovery and propounded | 0.4 | 0 | 0.4 | N/A |
| 11/7/2012 | ML | Received call from PJ requesting discovery extension | 0.3 | 0.3 | 0.3 | N/A |
| 11/7/2012 | ML | Received confirmatory e-mail re discovery extension from PJ | 0.1 | 0.1 | 0.1 | N/A |
| 11/7/2012 | ML | Updated calendar re discovery extension | 0.1 | 0 | 0 | Clerical or administrative task |
| 11/15/2012 | ML | Followed up with PJ and ST re depo dates | 0.1 | 0.1 | 0.1 | N/A |
| 11/15/2012 | ML | Received e-mail from ST saying that ST had not heard back from FCO | 0.1 | 0.1 | 0.1 | N/A |
| 11/15/2012 | ML | Received e-mail from PJ saying that PJ had not heard back from FCO | 0.1 | 0.1 | 0.1 | N/A |
| 11/19/2012 | ML | Received e-mail from ST requesting another extension | 0.1 | 0.1 | 0.1 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 11/19/2012 | ML | Discussed extension with AK | 0.2 | 0 | 0.2 | N/A |
| 11/19/2012 | ML | Granted extension and updated calendars | 0.3 | 0.1 | 0.1 | Clerical or administrative task |
| 12/3/2012 | ML | Received discovery responses from FCO | 0.1 | 0.1 | 0.1 | N/A |
| 12/3/2012 | ML | Reviewed discovery responses from FCO | 2.3 | 1.2 | 1.5 | Entry lacks sufficient detail to determine reasonableness |
| 12/3/2012 | ML | Discussed discovery with AK | 0.5 | 0 | 0.5 | N/A |
| 12/3/2012 | ML | Requested depo dates from PG and ZG – discussed why FCO wanted depo and why depo needed to happen quickly | 0.8 | 0.4 | 0.4 | Excessive; entry lacks sufficient detail to determine reasonableness |
| 12/3/2012 | ML | Received dates from PG and ZG | 0.1 | 0.1 | 0.1 | N/A |
| 12/5/2012 | ML | Discussed FCO's discovery responses with PG and ZG | 1.1 | 1.1 | 1.1 | N/A |
| 12/6/2012 | ML | Discussed filing MSJ with AK and JBS | 1.4 | 0 | 1 | Excessive |
| 12/7/2012 | ML | Discussed filing MSJ with PG and ZG | 1.2 | 0 | 1.2 | N/A |
| 12/8/2012 | ML | Researched MSJ | 2.1 | 0 | 2.1 | N/A |
| 12/14/2012 | ML | FCO filed MSJ | 0.1 | 0.1 | 0.1 | N/A |
| 12/14/2012 | ML | Printed their MSJ - $26.10 | | $26.10 | | |
| 12/14/2012 | ML | Reviewed FCO's MSJ | 2 | 2 | 2 | N/A |
| 12/15/2012 | ML | Researched FCO's case law | 2.1 | 1 | 2.1 | N/A |
| 12/15/2012 | ML | Printed our MSJ - $31.80 | | $0 | | |
| 12/15/2012 | ML | Reviewed our MSJ and made additions | 2.6 | 0 | 2.6 | N/A |
| 12/15/2012 | ML | Began MSJ Declarations for PG and ZG | 0.9 | 0.9 | 0.9 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 12/15/2012 | ML | Discussed Decs for PG and ZG with AK and JBS | 0.6 | 0 | 0.6 | N/A |
| 12/16/2012 | ML | Finalized Decs | 0.3 | 0.3 | 0.3 | N/A |
| 12/16/2012 | ML | Sent decs to PG and ZG | 0.1 | 0.1 | 0.1 | N/A |
| 12/17/2012 | ML | Received signed decs | 0.1 | 0.1 | 0.1 | N/A |
| 12/17/2012 | ML | Reviewed FCO's supplemental responses | 1.7 | 0.5 | 1.7 | N/A |
| 12/20/2012 | ML | Assisted AK with Oppo | 3.1 | 0 | 1 | Entry lacks sufficient detail to determine reasonableness |
| 12/21/2012 | ML | FCO filed Oppo to our MSJ – read and prepared Reply | 2.1 | 0 | 2.1 | N/A |
| 12/21/2012 | ML | Printed their Oppo - $23.40 | | $0 | | |
| 12/22/2012 | ML | Discussed FCO's Oppo with AK and JBS | 0.5 | 0 | 0.5 | N/A |
| 12/23/2012 | ML | Researched FCO's Oppo | 2.7 | 0 | 2 | Excessive |
| 12/23/2012 | ML | Prepared Oppo to be filed | 1.1 | 0 | 0 | Clerical or administrative task |
| 12/24/2012 | ML | Began drafting Reply | 2.1 | 0 | 2.1 | N/A |
| 12/24/2012 | ML | Sent draft of Reply to AK | 0.2 | 0 | 0.1 | Excessive |
| 12/27/2012 | ML | Discussed Reply with AK and JBS | 0.8 | 0 | 0.4 | Excessive |
| 12/30/2012 | ML | Printed Reply - $5.10 | | $0 | | |
| 12/30/2012 | ML | Made notes on Reply | 0.6 | 0 | 0.2 | Excessive |
| 12/30/2012 | ML | Printed Reply - $5.10 | | | | |
| 12/30/2012 | ML | Confirmed Jan 2 depo with PG and ZG | 0.2 | 0.2 | 0.2 | N/A |
| 12/30/2012 | ML | Prepared PG and ZG for depo | 2.2 | 2.2 | 2.2 | N/A |
| 12/31/2012 | ML | Organized documents for depo | 1.9 | 0 | 0.4 | Excessive |
| 12/31/2012 | ML | FCO filed their Reply | 0.1 | 0.1 | 0.1 | N/A |
| 12/31/2012 | ML | Reviewed FCO's Reply | 1.7 | 1.7 | 1.7 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 12/31/2012 | ML | Printed their Reply - $8.40 | | $8.40 | | |
| 1/1/2013 | ML | Discussed FCO's Reply with AK and JBS | 1 | 0 | 0.5 | Excessive |
| 1/2/2013 | ML | Defended depos re PG and ZG | 8.4 | 0 | 0 | Excessive; unnecessary |
| 1/2/2013 | ML | Mileage $14.85 | | $14.85 | | |
| 1/3/2013 | ML | Discussed depos with JBS and AK | 0.4 | 0 | 0 | Duplicative or unnecessary |
| 1/3/2013 | ML | Received and reviewed Notice of Deficiencies re our MSJ | 0.2 | 0 | 0.1 | Excessive |
| 1/17/2013 | ML | Discussed Order with AK, JBS and BH | 0.9 | 0 | 0.4 | Excessive |
| 1/17/2013 | ML | Discussed meaning of Order with PG and ZG | 1.2 | 1.2 | 1.2 | N/A |
| 1/20/2013 | ML | Discussed pretrial docs with AK and JBS | 1.1 | 0 | 0.4 | Entry lacks sufficient detail to determine reasonableness |
| 1/21/2013 | ML | Worked on pretrial docs | 2.1 | 2.1 | 2.1 | N/A |
| 1/21/2013 | ML | Printed pretrial docs - $28.20 | | $28.20 | | |
| 1/29/2013 | ML | Discussed Joint Pretrial docs with AK and JBS | 0.8 | 0 | 0 | Duplicative or unnecessary |
| 1/29/2013 | ML | Sent e-mail to ST and PJ re Joint Pretrial docs | 0.2 | 0.2 | 0.2 | N/A |
| 1/29/2013 | ML | Discussed mediation with ST and PJ | 0.4 | 0.4 | 0.4 | N/A |
| 1/29/2013 | ML | Told AK that FCO is interested in mediation | 0.2 | 0 | 0.1 | Excessive |
| 1/29/2013 | ML | Prepared Joint Stip to continue dates | 0.7 | 0.7 | 0.7 | N/A |
| 1/29/2013 | ML | Sent Joint Stip to AK and JBS for review | 0.1 | 0 | 0.1 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|---|---|---|---|---|---|---|
| 1/29/2013 | ML | Made changes to Joint Stip | 0.2 | 0 | 0.2 | N/A |
| 1/29/2013 | ML | Sent Joint Stip to PJ for review | 0.1 | 0.1 | 0.1 | N/A |
| 1/30/2013 | ML | Received approval from PJ to file joint stip | 0.1 | 0.1 | 0.1 | N/A |
| 1/30/2013 | ML | Filed Joint Stip | 0.4 | 0 | 0 | Clerical or administrative task |
| 1/30/2013 | ML | Worked on Pretrial docs | 5.7 | 4 | 4 | Excessive |
| 1/31/2013 | ML | Sent pretrial docs to AK and JBS to review | 0.1 | 0 | 0.1 | N/A |
| 1/31/2013 | ML | Incorporated notes from AK and JBS | 2.1 | 0 | 1.1 | Excessive |
| 1/31/2013 | ML | Received denial of Joint Stip | 0.1 | 0.1 | 0.1 | N/A |
| 1/31/2013 | ML | Sent e-mail to PJ re denial | 0.3 | 0.1 | 0.1 | Excessive |
| 1/31/2013 | ML | Continued working on pre-trial docs | 4 | 2 | 2 | Excessive |
| 1/31/2013 | ML | Spoke with PJ and DS re docs | 0.7 | 0.7 | 0.7 | N/A |
| 1/31/2013 | ML | Finished pretrial docs | 2.8 | 1.5 | 1.4 | Excessive |
| 2/1/2013 | ML | Sent pretrial docs to AK and JBS to review | 0.1 | 0 | 0.1 | N/A |
| 2/1/2013 | ML | Incorporated notes of AK and JBS for pretrial docs | 0.9 | 0.9 | 0.9 | N/A |
| 2/1/2013 | ML | Requested that PJ and DS finish pretrial exhibit list | 0.3 | 0.1 | 0.1 | Excessive |
| 2/1/2013 | ML | Called PG and discussed settlement | 0.4 | 0.4 | 0.4 | N/A |
| 2/1/2013 | ML | Called AK and gave him PG and ZG's approval to settle | 0.2 | 0 | 0.1 | Excessive |
| 2/1/2013 | ML | Approved Notice of Settlement that was prepared by FCO | 0.2 | 0.2 | 0.2 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|----------------------------|------------------------|----------------------|
| 2/4/2013 | ML | Received Order from Chambers re settlement | 0.1 | 0.1 | 0.1 | N/A |
| 2/4/2013 | ML | Discussed Order with AK and JBS | 0.4 | 0 | 0.2 | Excessive |
| 2/7/2013 | ML | Sent e-mail to PJ re putting settlement on record | 0.1 | 0.1 | 0.1 | N/A |
| 2/7/2013 | ML | Spoke with PJ on phone re putting settlement on record | 0.2 | 0.2 | 0.2 | N/A |
| 2/8/2013 | ML | Spoke with DS re putting settlement on record | 0.3 | 0.3 | 0.3 | N/A |
| 2/8/2013 | ML | Received call from Chambers re putting settlement on record | 0.2 | 0.2 | 0.2 | N/A |
| 2/8/2013 | ML | Called PG and ZG re hearing on 2/12/13 | 0.8 | 0.8 | 0.8 | N/A |
| 2/8/2013 | ML | Confirmed with AK that PG and ZG knew to appear telephonically at hearing | 0.1 | 0 | 0.1 | N/A |
| 2/10/2013 | ML | Discussed call in for putting settlement on record with AK | 0.3 | 0 | 0.1 | Excessive |
| 2/10/2013 | ML | Discussed call in for putting settlement on record with ML | 0.3 | 0 | 0.1 | Excessive |
| 2/12/2013 | ML | Prepared PG for hearing | 0.4 | 0.4 | 0.4 | N/A |
| 2/12/2013 | ML | Participated in settlement hearing | 0.8 | 0.5 | 0.5 | Excessive |
| 2/12/2013 | ML | Discussed hearing with PG and ZG | 0.3 | 0.3 | 0.3 | N/A |
| 2/12/2013 | ML | Discussed hearing with AK and JBS | 0.5 | 0 | 0.2 | Excessive |
| 2/13/2013 | ML | Received Briefing Schedule from Chambers | 0.1 | 0.1 | 0.1 | N/A |

Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|----------------------|----------------------------|------------------------|----------------------|
| 2/13/2013 | ML | Calendared dates for briefing schedule | 0.4 | 0 | 0 | Clerical or administrative task |
| 2/13/2013 | ML | Discussed fee petition with AK and JBS | 0.7 | 0 | 0.7 | N/A |
| 2/15/2013 | ML | Worked on fee petition | 1.1 | 1.1 | 1.1 | N/A |
| 2/17/2013 | ML | Began Joint Statement re Fee Petition | 2.6 | 2.6 | 2.6 | N/A |
| 3/8/2013 | ML | Discussed Plaintiffs' counter with AK and JBS | 0.2 | 0 | 0.2 | N/A |
| 3/8/2013 | ML | Received e-mail from PJ and DS re completion of Joint Statement | 0.1 | 0.1 | 0.1 | N/A |
| 3/8/2013 | ML | Reviewed Joint Statement and responded to PJ/DS' e-mail | 0.4 | 0.4 | 0.4 | N/A |
| 3/8/2013 | ML | Responded to PJ and DS via e-mail | 0.3 | 0.3 | 0.3 | N/A |
| 3/8/2013 | ML | Received call from DS re issue with settlement check | 0.4 | 0.4 | 0.4 | N/A |
| 3/8/2013 | ML | Discussed FCO's position on settlement check with AK and JBS | 0.3 | 0 | 0.2 | Excessive |
| 3/11/2013 | ML | Responded to DS' e-mail regarding the settlement check and explaining Plaintiffs' position | 0.2 | 0.2 | 0.2 | N/A |
| 3/11/2013 | ML | Received response from DS re FCO's position | 0.1 | 0.1 | 0.1 | N/A |
| 3/11/2013 | ML | Informed DS that Plaintiffs are unable to comply with DS' request | 0.2 | 0.2 | 0.2 | N/A |

## Joint Statement re Attorneys' Fees with Court's Reductions

| Date | Biller | Description | Movant's Hours Sought | Respondent's Proposed Hours | Hours Awarded by Court | Reasons for Reduction |
|------|--------|-------------|-----------------------|-----------------------------|------------------------|-----------------------|
| 3/11/2013 | ML | Received FCO's portion of the Joint Statement from DS | 0.1 | 0.1 | 0.1 | N/A |
| 3/12/2013 | ML | Researched current case law for Fee Petition | 0.9 | ? | 0.9 | N/A |
| 3/12/2013 | ML | Sent case law research to AK to be incorporated into Fee Petition | 0.2 | 0 | 0.2 | N/A |
| 3/13/2013 | ML | Updated Joint Statement with Movants' position | 3.2 | 3.2 | 3.2 | N/A |
| 3/13/2013 | ML | Sent updated Joint Statement to JBS and AK for review | 0.1 | 0 | 0.1 | N/A |
| 3/13/2013 | ML | Reviewed notes re JBS and AK – incorporated changes | 0.5 | 0 | 0.5 | N/A |
| 3/14/2013 | ML | Continued Joint Statement | 4.1 | 3 | 3 | Excessive |
| 3/15/2013 | ML | Sent Joint Statement to PJ and DS | 0.1 | 0.1 | 0.1 | N/A |

95.1

95.1 hrs * $185/hr          $17,593.50

Total (AK + ML)=          $34,033.50